**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4430**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JASON SAUNDERS, a/k/a Josh James,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:12-cr-00104-IMK-MJA-6)

Submitted: February 9, 2021             Decided: February 24, 2021

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant. Brandon Scott Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Saunders appeals from the district court's judgment revoking his supervised release and imposing an 18-month prison term and a 2-year term of supervised release. On appeal, Saunders' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether Saunders' 18-month prison term is plainly unreasonable. The Government did not file a response brief, and Saunders—although notified of his right to do so—did not file a pro se supplemental brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable, *see United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015), evaluating the same general considerations "employ[ed] in our review of original sentences," *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* (internal footnote omitted); *see* 18 U.S.C. § 3583(e). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion

2

that the defendant should receive the sentence imposed." *Id.* (internal quotation marks and brackets omitted).

Only if we determine that a revocation sentence is unreasonable do we consider whether the sentence "is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *Id.* at 208 (internal quotation marks and brackets omitted). "If a revocation sentence—even an unreasonable one—is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).

We find no unreasonableness, plain or otherwise, in Saunders' 18-month prison sentence. The district court properly calculated Saunders' advisory policy statement range at 12 to 18 months' imprisonment, based on his Grade B violation and Category IV criminal history, U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. The court heard argument from counsel and Saunders' allocution and, after considering these matters and the policy statement range, explained its reasons for imposing a prison sentence at the top of that range. Although not couched in the precise language of applicable § 3553(a) sentencing factors and factors applicable for consideration under the U.S. Sentencing Guidelines Manual, the district court's reasons for imposing the 18-month term are easily matched to factors appropriate for consideration in the revocation sentencing context, namely, the nature and circumstances of Saunders' violative conduct, his history and personal characteristics, the need for the sentence to protect the public, and the sanctioning of his breach of trust while on release, *see* 18 U.S.C. §§ 3553(a)(1), (2)(C), 3583(e); USSG Ch. 7, Pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust. . . . [T]he sanction for the violation of trust should

3

be in addition, or consecutive, to any sentence imposed for the new [violative] conduct."), and were tied to Saunders' particular situation. There further is no evidence in the record to rebut the presumption of reasonableness afforded to the term or to indicate the sentence was unreasonable, much less plainly so. *See Padgett*, 788 F.3d at 373.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Saunders, in writing, of his right to petition the Supreme Court of the United States for further review. If Saunders requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Saunders.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*